IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SACHS ELECTRIC COMPANY,** <br> 1572 Larkin Williams Rd. <br> Fenton, MO 63026 <br><br> **Plaintiff,** <br><br> vs. <br><br> **NATIONAL UNION FIRE INSURANCE** <br> **COMPANY OF PITTSBURGH, PA,** <br> 70 Pine Street <br> New York, NY 10270 <br><br> Serve:    Lawrence H. Mirel <br>           Commissioner of Insurance <br>           810 First Street, NE <br>           Suite 701 <br>           Washington, DC 20002 <br><br> **Defendant.** | * <br> * <br> * <br> * <br>       Civil Action No. <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT ON PAYMENT BOND

COMES NOW Plaintiff Sachs Electric Company, by and through its counsel Quagliano & Seeger, P.C., and for its Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, PA, states and alleges as follows:

### PARTIES

1. Plaintiff, Sachs Electric Company (hereinafter "Sachs") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business located at 1572 Larkin Williams Road, Fenton, Missouri 60326. At all time relevant hereto, Sachs was engaged in, *inter alia*, the business of electric subcontracting and is properly licensed to do business in the District of Columbia.

2.   Defendant, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Fire") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 70 Pine Street, New York, New York 10270.  National Fire is properly licensed and registered to transact business, including issuing bonds in the District of Columbia.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), and there is complete diversity of citizenship between the Plaintiff and Defendant.

4.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because the Defendant conducts business in this Judicial District and is subject to *in personum* jurisdiction in the District of Columbia.

## FACTS

5.   On or about December 20, 2002, Union Switch & Signal, Inc. (hereinafter "Union"), as general contractor, entered into an agreement (hereinafter "Prime Contract") with the Washington Metro Area Transit Authority (hereinafter "WMATA"), as Owner, for work and improvements to be performed on the ATP Track Circuit Replacement Project, located in the District of Columbia (hereinafter "Project").

6.   In connection with its work at the Project, on or about January 15, 2003, Union, as Principal, and National Fire, as Surety, executed and delivered to WMATA, as Obligee, a Payment Bond, Bond No. 000-28-55-91 (hereinafter "Payment Bond"), pursuant to which National Fire guaranteed Union's prompt payment to those supplying labor and/or materials in

the prosecution of the work provided for in the Prime Contract. A true and correct copy of the Payment Bond is attached hereto and incorporated by reference at Exhibit 1.

7. On or about May 28, 2004, Union, as general contractor, and Sachs, as subcontractor, entered into a Subcontract Agreement (hereinafter "Subcontract") whereby Sachs agreed to supply labor and materials for the performance of certain electrical work for the Project for the Subcontract price of Nine Hundred Seventy-Three Thousand Dollars ($973,000.00), subject to additions and deductions provided in the Subcontract, exclusive of plans, specifications and addenda. A true and correct copy of the Subcontract is attached hereto and incorporated by reference at Exhibit 2.

8. Subsequent to executing the Subcontract and prior to Sachs fully performing its contractual obligations in their entirety, WMATA terminated the Prime Contract for convenience.

9. Sachs has performed all things on its part to be performed prior to the contract being terminated for convenience.

10. Despite demand, Union has failed and refused, and continues to fail and refuse, to pay Sachs for all labor and materials reasonably required for and provided by Sachs to the Project pursuant to the Subcontract, and, after all just credits and offsets, the principal sum of Five Hundred Fifty-Four Thousand Two Hundred Twenty-Six Dollars ($554,226.00) remains due and owing for said labor and materials, exclusive of interest.

11. Union materially breached the Subcontract by, *inter alia*, failing to pay Sachs monies due.

12. On August 2, 2005, Sachs notified National Fire of its claim for payment on the Payment Bond via certified mail, return receipt requested. A true and correct copy of Sachs' Notice letter is attached hereto and incorporated by reference at Exhibit 3.

13. Despite demand, National Fire has failed to pay Sachs for the unpaid labor and materials furnished and supplied by Sachs to the Project pursuant to the Subcontract, for which National Fire guaranteed payment under the Payment Bond.

## COUNT I
## SUIT ON THE PAYMENT BOND

14. Sachs incorporates by reference Paragraphs 1 – 13 as if fully set forth herein.

15. Sachs is a proper claimant under the Payment Bond.

16. Under the Payment Bond, National Fire is liable to Sachs for all costs of labor and material used or reasonably required for prosecution of the work at the Project

17. Despite demand for payment in full of all amounts due and owing under the Subcontract, Sachs has not received payment of Five Hundred Fifty-Four Thousand Two Hundred Twenty Six Dollars ($554,226.00) in earned Subcontract funds for the labor and materials in provided at the Project.

18. National Fire has failed and refused to pay monies due and owing under the Payment Bond.

19. Sachs has satisfied any and all conditions precedent to bringing this action on the Payment Bond.

**WHEREFORE**, Sachs Electric Company respectfully prays that this Honorable Court enter judgment in its favor and against National Union Fire Insurance Company of Pittsburgh, PA, in an amount not less Five Hundred Fifty-Four Thousand Twenty-Six Dollars ($554,226.00),

4

together with prejudgment interest, post judgment interest, costs and expenses, including attorneys' fees, expended in this behalf and such other relief as the Court deems just deems just.

| | |
|---|---|
| **Dated: September 1, 2005** | Respectfully submitted, |
| | **QUAGLIANO & SEEGER, P.C.** |
| | /s/ *Seth A. Robbins* |
| | _____ |
| | Seth A. Robbins, Bar No.: 471812<br>2620 P Street, NW<br>Washington, DC 20007<br>Tel. (202) 822-8838<br>Fax. (202) 822-6982<br>e-mail: Robbins@quagseeg.com<br>**Counsel for Plaintiff**<br>**Sachs Electric Company** |