# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**SACHS ELECTRIC COMPANY,**              )
                                        )
      **Plaintiff,**                   )
                                        )
  **v.**                               )    **Case No.  05-CV01741 - ESH**
                                        )
**NATIONAL UNION FIRE INSURANCE**        )    **Judge Ellen Segal Huvelle**
**COMPANY OF PITTSBURGH, PA,**           )
                                        )
      **Defendant.**                  )
_____ )

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

AND NOW comes National Union Fire Insurance Company of Pittsburgh, PA ("National Fire") by and through its counsel, Thorp Reed & Armstrong, LLP and Watt, Tieder, Hoffar & Fitzgerald, LLP and for its Answer to Complaint filed by Sachs Electric Company ("Sachs") and Affirmative Defenses thereto, alleges as follows:

    1.     Admitted.

    2.     Admitted.

    3.     Admitted.

    4.     Admitted.

    5.     Admitted.

6.    It is admitted that the Payment Bond was issued by National Fire; however, the copy of the Payment Bond attached as Exhibit 1 to the Complaint is an integrated writing and speaks for itself.

7.    Admitted.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    It is admitted Sachs notified National Fire about its claim for payment.  It is denied National Fire is obligated to pay the claim asserted by Sachs or that Sachs' claim has merit.

13.    Denied.

14.    The averments contained in Complaint Paragraph 14 are averments to which no response is required.  To the extent a response is required, National Fire reasserts and re-alleges its answers to Complaint Paragraphs 1 through 13 as if fully set forth herein.

15.    The averments contained in Complaint Paragraph 15 are conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

16.    The averments contained in Complaint Paragraph 16 are conclusions of law to which no response is required.  To the extent a response is required, said averments are denied. By way of further answer, the Payment Bond attached as Exhibit 1 to the Complaint is an integrated writing and speaks for itself.

17.    Denied.

18.    Denied.

19.    Denied.

WHEREFORE, National Union Fire Insurance Company of Pittsburgh, PA respectfully requests that this Court dismiss Sachs Electric Company's Complaint, and award it costs and expenses, including attorneys' fees and such other relief as this Court deems just.

## AFFIRMATIVE DEFENSES

1.    All or part of Sachs' claims are barred to the extent Sachs seeks payment under the payment bond no. 000-28-55-91 issued by National Fire ("Payment Bond") for claims and amounts not properly payable under the terms of the Payment Bond including, but not limited to, claims for labor and/or materials not actually performed, not used and not reasonably required for use in the performance of Sachs' work under its subcontract with Union Switch & Signal Inc. ("Union") at the ATP Track Circuit Replacement Project ("Project").

2.    All of part of Sachs' claims are barred to the extent Sachs seeks an adjustment of the subcontract price contrary to the terms of its subcontract agreement with Union, including but not limited to requesting from National Fire and Union sums greater than those credited or paid by the Washington Metro Area Transit Authority ("WMATA") to Union for work at the Project.

3.    All or part of Sachs' claims are barred as a result of the failure of conditions precedent to any recovery by Sachs including, but not limited to, the conditions precedent for payment to Sachs which are contained in Sachs' subcontract agreement with Union and the corresponding failure of WMATA to pay to Union those amounts sought by Sachs under its subcontract agreement with Union.

4.      All or part of Sachs' claims are barred as a result of its inability to properly quantify its claims consistent with the terms of the Payment Bond and its subcontract agreement with Union.

5.      All or part of Sachs' claims are barred as a result of Sachs' failure to properly perform its obligations under its subcontract agreement with Union.

6.      All or part of Sachs' claims are barred as a result of its claims not being subject to the conditions for payment by National Fire under the Payment Bond.

7.      All or part of Sachs' claims are barred as a result of failing to comply with all conditions precedent necessary to file a claim under the Payment Bond.

8.      All or part of Sachs' claims are barred as a result of Sachs' failure to mitigate its claimed damages.

9.      All or part of Sachs' claims are barred as a result of the failure of conditions precedent to any recovery by Sachs, including, but not limited to, conditions precedent to payment that are set forth in Sachs' subcontract agreement with Union.

10.      Sachs has failed to state a cause of action upon which relief may be granted.

11.      National Fire asserts the affirmative defense of estoppel.

12.      National Fire asserts the affirmative defense of justification.

13.      National Fire asserts the affirmative defense of statute of limitations.

14.      National Fire asserts the affirmative defense of waiver.

15.      National Fire asserts the affirmative defense of unclean hands.

16.     National Fire asserts all affirmative defenses available to its principal, Union as if the Complaint had been brought directly against Union.

Respectfully submitted,


  _/s/ Mark F. Nowak_____
Mark F. Nowak. (Pro Hac Vice)
Thomas E. Weiers, Jr. (Pro Hac Vice)
Richard W. Saxe, Jr. (Pro Hac Vice)
Thorp Reed & Armstrong, L.L.P.
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA  15219-1425


  _/s/ Robert K. Cox_____
Robert K. Cox, Esq. (D.C. Bar No. 924258)
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000

*Counsel for Defendant, National Union Fire*
*Insurance Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 18th day of October, 2005, by U.S. Mail, first class, postage prepaid, as follows

Seth A. Robbins, Esquire
Quagliano & Seeger, P.C.
2620 P. Street, NW
Washington, DC 20007

___/s/ Thomas E. Weiers, Jr._____
Thomas E. Weiers, Jr.