UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SACHS ELECTRIC COMPANY** | * | |
| Plaintiff, | * | Case No.: 1:05CV01741 |
| v. | * | |
| | | Judge: Ellen Segal Huvelle |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.** | * | |
| | * | |
| **Defendant.** | | |

* * * * * * * * * * * * * * *

## MEET AND CONFER REPORT

Counsel for the parties, pursuant to Rule 16.3 of the Rules of the District Court of the District of Columbia, have met and conferred, and hereby submit their report to the Court as follows:

## LOCAL RULE 16.3

**Statement of the Case:** This case involves a construction dispute. On or about December 20, 2002, Union Switch & Signal, Inc. (hereinafter "Union"), as general contractor, entered into an agreement (hereinafter "Prime Contract") with the Washington Metro Area Transit Authority (hereinafter "WMATA"), as Owner, for work and improvements to be performed on the ATP Track Circuit Replacement Project, located in the District of Columbia (hereinafter "Project"). In connection with its work at the Project, on or about January 15, 2003, Union, as Principal, and National Union Fire Insurance Company of Pittsburgh, PA ("National Fire"), as Surety, executed and delivered to WMATA, as Obligee, a Payment Bond, Bond No. 000-28-55-91 (hereinafter "Payment Bond"). Subsequent thereto, on or about May 28, 2004, Union, as general contractor, and Plaintiff Sachs Electric Company ("Sachs"), as subcontractor, entered into a Subcontract Agreement (hereinafter "Subcontract") whereby Sachs agreed to supply labor and materials for the performance of certain electrical work for the Project. Sachs

asserts claims against National Fire, as Surety, under the Payment Bond.  National Fire has asserted defenses to Sachs' claims.

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

<u>REPORT</u>:     At the close of discovery, it is likely that the parties will be in a better position to determine whether the case may be resolved by dispositive motion.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

<u>REPORT</u>:     The parties shall join other parties or amend the pleadings as provided by the federal Rules of Civil Procedure and the Local Rules of this Court.  The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

<u>REPORT</u>:     No.

**(4)     Whether there is a realistic possibility of settling the case.**

<u>REPORT</u>:     Unknown.

**(5)     Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider;**
        **(i)     the clients goals in bringing or defending the litigation;**
        **(ii)    whether settlement talks have already occurred  and, if so, why they did not produce an agreement;**
        **(iii)   the point during the litigation when ADR would be the most appropriate, with special consideration given to:**
            **(aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
            **(bb)    whether ADR should take place after the informal exchange or production through discovery of specific times of information; and**
        **(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

      **(v)     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

      <u>**REPORT**</u>**:**     The parties are willing to consider mediation according to the Court's established ADR processes.

      **(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

      <u>**REPORT**</u>**:**     At the close of discovery, it is likely that the parties will be in a better position to determine whether the case may be resolved by summary judgment, motion to dismiss or other dispositive motion.

      **(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

      <u>**REPORT**</u>**:**     The parties agree to dispense with F.R.C.P. Rule 26(a)(1) disclosures.

      **(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

      <u>**REPORT**</u>**:**     The parties agree to the following discovery schedule:

(a)     Deadline for serving Written Discovery Requests shall be January 27, 2006;

(b)     Deadline for Proponent's Rule 26(a)(2) statements and reports shall be December 16, 2005;

(c)     Deadline for Opponent's Rule 26(a)(2) statements and reports shall be January 13, 2006,;

(d)     Deadline for Proponent's Rule 26(a)(2) rebuttal statements and reports shall be February 10, 2006;

(e)     All discovery including depositions of experts shall be completed by March 3, 2006;

  (f)  Deadline for filing dispositive motions shall be April 7, 2006;

  (g)  Except otherwise provided herein, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

  **(9)**  **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

  **REPORT:**  Except as otherwise provided herein as to the dates of disclosures, the parties do not wish to modify the requirements of Federal Rule of Civil Procedure 26(a)(2).

  **(10)**  **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

  **REPORT:**  Not applicable.

  **(11)**  **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

  **REPORT:**  The administration of this case would not be facilitated by bifurcation or phasing.

  **(12)**  **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

  **REPORT:**  The parties respectfully request that the pretrial conference be held on date convenient to the court near the end of May 2006, or as soon as possible thereafter.

  **(13)**  **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT:** The parties respectfully request that the trial date be set at the pretrial conference.

**Dated: October 26, 2005**                                              Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

/s/ Seth A. Robbins
_____
Seth A. Robbins, Bar No.: 471812
2620 P Street, NW
Washington, DC 20007
Tel: (202) 822-8838
Fax: (202) 822-6982
e-mail: Robbins@quagseeg.com
**Counsel for Plaintiff**
**Sachs Electric Company**

**WATT, TIEDER, HOFFAR &**
    **FITZGERALD, LLP**

/s/ Robert K. Cox
_____
Robert K. Cox, Bar No.: 924258
8405 Greensboro Drive
Suite 100
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-9029
e-mail: rcox@wthf.com
**Counsel for Defendant**
**National Union Fire Insurance Company**
    **of Pittsburgh, PA.**

**THORP REED & ARMSTRONG, LLP**

/s/ Mark F. Nowak_____
Mark F. Nowak, Pa. Bar No. 37474
Thomas E. Weiers, Jr., Pa. Bar No. 43715
Richard W. Saxe, Jr., Pa. Bar No. 87311
Thorp Reed & Armstrong, L.L.P.
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA  15219-1425
**Counsel for Defendant**
**National Union Fire Insurance Company**
    **of Pittsburgh, PA.**